IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. _____

| | |
|---|---|
| PAUL DILLON, on behalf of himself and all similarly situated persons and entities,<br><br>　　Plaintiff,<br><br>v.<br><br>THE LEAZER GROUP, INC., a North Carolina corporation; and BENNY ART LEAZER, an individual and citizen of the State of North Carolina,<br><br>　　Defendants. | **NOTICE OF REMOVAL**<br><br>Wake County Superior Court<br>Case No. 18 CVS 2305 |

**TO: THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NORTH CAROLINA**

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendants The Leazer Group, Inc. ("TLG") and Benny Art Leazer ("Leazer") remove this action from the General Court of Justice, Superior Court Division, County of Wake, North Carolina, where it was filed by plaintiff Paul Dillon ("Plaintiff") on 20 February 2018, and assigned Case No. 18 CVS 2305, to the United States District Court for the Eastern District of North Carolina, Western Division. In accordance with 28 U.S.C. § 1446(a), attached hereto as Exhibits A through D are copies of the process, pleadings, and orders served upon Defendants.

In support of removal, TLG and Leazer state as follows:

## Nature of Plaintiff's Allegations

1. TLG is an independent marketing organization which contracts with insurance companies to perform their distribution functions by, among other things, separately contracting with independent insurance agents to sell insurance products. TLG specializes in mortgage life insurance and the senior market.

2. Leazer is the founder and president of TLG.

3. Plaintiff alleges that TLG and Leazer have defrauded Plaintiff and other similarly situated insurance agents by "selling them goods and services under false pretenses." (Compl. ¶ 1) The proposed class is defined to include Plaintiff and other independent contractors of TLG to whom Defendant sold either insurance "leads" (*i.e.*, contact information for a person interested in potentially purchasing an insurance product) or "sub-accounts to monster.com or ziprecruiter.com" during the applicable statutes of limitation. (*Id.* ¶¶ 12, 71)

4. Plaintiff generally alleges that he and other members of the class would not have purchased either the leads or sub-account access from TLG but for the allegedly false statements made by TLG to Plaintiff and the other members of the proposed class. (*Id.* ¶¶ 21, 39)

5. Plaintiff, for himself and on behalf of the proposed class, requests an "award of compensatory damages, treble damages, attorneys' fees, and costs against Defendants, as well as an award of punitive damages against Defendants to the extent that it is determined that Defendants" committed "intentional, reckless and/or willful" violations of North Carolina law. (*Id.* ¶ 1)

## Removal is Timely

6. The time within which TLG and Leazer are permitted to file this notice of removal under 28 U.S.C. § 1446 has not expired as of the time of the filing and service of this notice of removal. Less than thirty days have passed since TLG and Leazer received a copy of the summons or initial pleading setting forth the claim upon which this action is based. *See* 28 U.S.C. § 1446(b)(1).

7. TLG received a copy of the Summons and Complaint on 19 April 2018.

8. Counsel for Leazer accepted service of process on Leazer's behalf on 9 May 2018.

## Diversity Jurisdiction Exists Under 28 U.S.C. § 1332(d)

9. Pursuant to 28 U.S.C. § 1332(d), federal jurisdiction exists over this case because: (a) Plaintiff has asserted his claims against TLG and Leazer as a proposed class action; (b) Plaintiff and other members of the proposed class are citizens of a State different from TLG and Leazer; (c) the amount in controversy exceeds $5 million, exclusive of interest and costs; and (d) the proposed class includes more than one hundred people.

10. With respect to diversity, Plaintiff is a resident of Tennessee (Compl. ¶ 6), while Leazer is a resident of North Carolina and TLG is a North Carolina corporation with its principal place of business located in North Carolina. (*Id.* ¶¶ 7-8) Further, according to TLG's records, less than one-third of the persons to whom TLG has sold leads or recruiting website access have a mailing address in North

3

Case 5:18-cv-00222-FL    Document 1    Filed 05/18/18    Page 3 of 8

Carolina. Therefore, on information and belief, less than one-third of the members of the proposed class reside in North Carolina.

11. With respect to the size of the proposed class, the number of people to whom TLG has sold leads or access to recruiting websites is greater than 100. The proposed class, as it is defined in the Complaint, exceeds 100 people. Indeed, the Complaint acknowledges that the proposed class includes more than 100 people. (Compl. ¶ 72)

12. With respect to the amount in controversy, "the key inquiry . . . is not what the plaintiff actually will recover but 'an estimate of the amount that will be put at issue in the course of the litigation.'" *Scott v. Cricket Communs., LLC*, 865 F.3d 189, 196 (4th Cir. 2017). Defendants contend that Plaintiff's claims are not eligible for class treatment and are wholly without merit. However, setting aside Defendants' position and defenses at this time, as is required at this stage, Plaintiff has asserted class claims that put in controversy more than $5 million.

13. Although Plaintiff alleges in this Complaint that the amount-in-controversy does not exceed $5 million, his own estimate of TLG's revenue from the sale of leads and sub-accounts equates to an amount-in-controversy greater than $5 million. Specifically, Plaintiff estimates that, on average, 250 people purchased 50 leads per year from TLG, at a price of $50.00 per lead (*i.e.*, $625,000 per year) and 20 people paid TLG $199.00 per month for access to recruiting websites (*i.e.*, $47,760 per year). (Compl. ¶ 79) TLG operated continuously in the four years prior to the filing

of the Complaint,[1] meaning that Plaintiff himself estimates over $2.6 million in sales in controversy. Given that Plaintiff also requests that any monetary damage award be trebled pursuant to N.C. Gen. Stat. § 75-1.1 (*see* Compl. p. 32), the amount in controversy calculated from Plaintiff's estimate of the number of sales at issue exceeds $5 million. *See Hardig v. Certainteed Corp.*, 2012 U.S. Dist. LEXIS 15852, *5-6 (W.D.N.C. Feb. 9, 2012) ("In analyzing the amount in controversy for cases removed under CAFA, treble damages, when demanded, must be included in the analysis.").

14. Regardless, Plaintiff underestimates the number of leads that TLG has sold during the proposed class period. Since September 2014, TLG has sold more than 87,500 "platinum" or "gold" leads to independent agents like Plaintiff at a price of $50 per lead. TLG also has received over $200,000 from independent agents like Plaintiff for access to monster.com and ziprecuiter.com during that period. Accordingly, the amount in controversy is greater $5 million.

## **Venue is Proper**

15. Removal to this district and division is proper because this is the district and division embracing the place where the action is pending. 28 U.S.C. §§ 113(a), 1441(a).

---

[1] The statute of limitations applicable to Plaintiff's claim for violation of N.C. Gen. Stat. § 75-1.1 is four years. *See* N.C. Gen. Stat. § 75-16.2. Although Plaintiff alleges that the limitations period was tolled during the class period (*see* Compl. ¶ 90), for purposes of this calculation Defendants have used the four-year period preceding the filing of the Complaint in February 2018 as a conservative measure of the applicable class period.

### Notice Has Been Provided

16. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being properly given to the Plaintiff by mailing a copy to his attorney of record.

17. Further, pursuant to 28 U.S.C. § 1446(d), a notice of filing of this Notice of Removal to federal court is being filed promptly with the Clerk of the Superior Court, Wake County, North Carolina.

### Non-Waiver of Defenses

18. Nothing in this Notice of Removal should be interpreted as a waiver or relinquishment of TLG's and Leazer's rights to assert any denial, defense, or other affirmative matter in response to Plaintiff's allegations.

WHEREFORE, defendants TLG and Leazer respectfully remove this action from the General Court of Justice, Superior Court Division, Wake County, North Carolina to this Court and request that this Court assume jurisdiction over this action to proceed to final determination thereof. If any question arises as to the proprietary of the removal of this action, TLG and Leazer respectfully request the opportunity to present evidence and a brief in support of their position that this case is removable to federal court.

This the 18th day of May, 2018.

                MORNINGSTAR LAW GROUP

                /s/ Shannon R. Joseph
                Shannon R. Joseph
                N.C. State Bar No. 22144
                sjoseph@morningstarlawgroup.com
                421 Fayetteville St., Suite 530
                Raleigh, NC 27601
                Telephone: (919) 590-0360
                Facsimile: (919) 882-8890

                Jeffrey L. Roether
                N.C. State Bar. No. 48229
                jroether@morningstarlawgroup.com
                112 West Main St., Second Floor
                Durham, NC 27701
                Telephone: (919) 590-0368
                Facsimile: (919) 882-8890

                *Attorneys for The Leazer Group, Inc. and Benny Art Leazer*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Notice of Removal was this day depositing a copy thereof in the United States mail, first class, postage pre-paid, addressed to the following counsel of record:

Scott C. Harris
Whitfield Bryson & Mason LLP
900 West Morgan Street
Raleigh, NC 27603

*Attorney for the Plaintiff*

This the 18th day of May, 2018.

MORNINGSTAR LAW GROUP

 /s/ Shannon R. Joseph
Shannon R. Joseph
N.C. State Bar No. 22144
sjoseph@morningstarlawgroup.com
421 Fayetteville St., Suite 530
Raleigh, NC 27601
Telephone: (919) 590-0360
Facsimile: (919) 882-8890